IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC. and PF PRISM IMB B.V., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| MSN PHARMACEUTICALS INC. AND MSN | ) |
| LABORATORIES PVT. LTD., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Pfizer Inc. and PF PRISM IMB B.V. (collectively "Pfizer"), file this Complaint for patent infringement against MSN Pharmaceuticals Inc. and MSN Laboratories Pvt. Ltd. (collectively, "Defendants" or "MSN"), and by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission of Abbreviated New Drug Application ("ANDA") No. 221598 submitted to the U.S. Food and Drug Administration ("FDA") in the name of MSN seeking approval to manufacture and sell a generic version of Pfizer's Inlyta® (axitinib) tablets, 1 mg and 5 mg, ("Inlyta®") prior to the expiration of U.S. Patent No. 8,791,140 ("the '140 patent").

2.      MSN notified Pfizer by letter dated June 1, 2026 ("MSN's Notice Letter") that it had submitted to the FDA ANDA No. 221598 ("MSN's ANDA"), with a Paragraph IV certification, seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic axitinib tablets, 1 mg and 5 mg ("MSN's ANDA Product"), prior to the expiration of the '140 patent.

**PARTIES**

3.      Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

4.      Plaintiff PF PRISM IMB B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

5.      Upon information and belief, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Duke Road, Piscataway, NJ 08854.

6.      Upon information and belief, MSN Laboratories Pvt. Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at MSN House, Plot No. C-24, Sanathnagar Industrial Estate, Sanathnagar, Hyderabad – 500018, Telangana, India.

7.      Upon information and belief, MSN Pharmaceuticals Inc. is a wholly-owned subsidiary of MSN Laboratories Pvt. Ltd.

8.      Upon information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

9.     Upon information and belief, MSN caused ANDA No. 221598 ("MSN's ANDA") to be submitted to FDA and seeks FDA approval of MSN's ANDA.

10.     Upon information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. acted collaboratively in the preparation of MSN's ANDA and continue to act collaboratively in pursuing FDA approval of MSN's ANDA and seeking to market MSN's ANDA Product.

11.     Upon information and belief, and consistent with its practice with respect to other generic products, following any FDA approval of ANDA No. 221598, MSN will distribute and sell the generic product described in ANDA No. 221598 throughout the United States and within Delaware.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

13.     MSN Laboratories Pvt. Ltd. is subject to personal jurisdiction in Delaware because, among other things, MSN Laboratories Pvt. Ltd., itself and through its wholly-owned subsidiary MSN Pharmaceuticals Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, MSN Laboratories Pvt. Ltd., itself and through its wholly-owned subsidiary MSN Pharmaceuticals Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, MSN Laboratories Pvt. Ltd. is subject to personal jurisdiction in Delaware because, upon information and belief, it controls MSN Pharmaceuticals Inc. and therefore the activities of MSN Pharmaceuticals Inc. in this jurisdiction are attributed to MSN Laboratories Pvt. Ltd.

14.     MSN Pharmaceuticals Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, upon information and belief, MSN Pharmaceuticals Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

15.     MSN has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

16.     Upon information and belief, MSN, with knowledge of the Hatch-Waxman Act process, directed MSN's Notice Letter to, *inter alia*, Pfizer Inc., an entity incorporated in Delaware, and alleged in MSN's Notice Letter that Pfizer's '140 patent is invalid. Upon information and belief, MSN knowingly and deliberately challenged Pfizer's patent rights, and knew when it did so that it was triggering the forty-five day period for Pfizer to bring an action for patent infringement under the Hatch-Waxman Act.

17.     Because Pfizer is incorporated in Delaware, Pfizer suffers injury and consequences from MSN's filing of MSN's ANDA, challenging Pfizer's patent rights, in Delaware. Upon

information and belief, MSN knew that it was deliberately challenging the patent rights of a Delaware entity and seeking to invalidate intellectual property held in Delaware. MSN has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending MSN's Notice Letter to Pfizer Inc., a Delaware corporation, that it would be sued in Delaware for patent infringement.

18.    Upon information and belief, if MSN's ANDA is approved, MSN will directly or indirectly manufacture, market, sell, and/or distribute MSN's ANDA Product within the United States, including in Delaware, consistently with MSN's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, MSN regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, MSN's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, MSN's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Pfizer's patents in the event that MSN's ANDA Product is approved before the patents expire.

19.    Upon information and belief, MSN derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by MSN and/or for which MSN Laboratories Pvt. Ltd. or MSN Pharmaceuticals Inc. is the named applicant on approved ANDAs. Upon information and belief, various products

for which MSN Laboratories Pvt. Ltd. or MSN Pharmaceuticals Inc. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

20.    Venue is proper in this district for MSN Laboratories Pvt. Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MSN Laboratories Pvt. Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

21.    Venue is proper in this district for MSN Pharmaceuticals Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

**BACKGROUND**

22.    PF PRISM C.V., a subsidiary of Pfizer Inc., is the holder of approved NDA No. 202324 for the manufacture and sale of axitinib tablets, 1 mg and 5 mg, approved by the FDA for the treatment of advanced renal cell carcinoma after failure of one prior systemic therapy. Pfizer markets and sells axitinib tablets, 1 mg and 5 mg, under the trade name Inlyta®. Inlyta® was approved by the FDA on January 27, 2012.

23.    The '140 patent, entitled "Crystalline Forms of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyondazole Suitable for the Treatment of Abnormal Cell Growth in Mammals" (Exhibit A hereto), and owned by Pfizer Inc., was duly and legally issued by the United States Patent and Trademark Office ("PTO") on July 29, 2014. The '140 patent is listed in the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as "the Orange Book") in connection with Inlyta®.

6

24.     Pfizer has all right, title, and interest in the '140 patent, including the right to sue for infringement thereof.

25.     Upon information and belief, MSN filed or caused to be filed with the FDA ANDA No. 221598 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of axitinib tablets, 1 mg and 5 mg ("MSN's ANDA Product") in the United States before the expiration of the '140 patent.

26.     Upon information and belief, MSN's ANDA No. 221598 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification"), alleging that the claims of the '140 patent are invalid and unenforceable.

27.     MSN sent or caused to be sent to Pfizer a letter dated June 1, 2026 ("Notice Letter"), notifying Pfizer that MSN's ANDA No. 221598 includes a paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of MSN's ANDA Product before the expiration of the '140 patent and providing information pursuant to 21 U.S.C. § 355(j)(2)(B).

28.     The purpose of MSN's submission of ANDA No. 221598 was to obtain approval under the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Product prior to the expiration of the '140 patent.

29.     Upon information and belief, MSN's ANDA Product is covered by one or more claims of the '140 patent.

30.     The submission of ANDA No. 221598 to the FDA constituted infringement by MSN of the '140 patent under 35 U.S.C. § 271(e)(2). Moreover, any commercial manufacture, use, sale, offer for sale, or importation of MSN's ANDA Product would infringe the '140 patent under 35 U.S.C. § 271(a), (b) and/or (c).

31.     An actual case or controversy exists between Pfizer and MSN with respect to infringement of the '140 patent.

32.     This action is being commenced before the expiration of forty-five days from the date of the receipt of the Notice Letter.

**COUNT I – INFRINGEMENT OF THE '140 PATENT**

33.     Pfizer incorporates each of the preceding paragraphs as if fully set forth herein.

34.     Upon information and belief, MSN's ANDA Product infringes one or more claims of the '140 patent either literally or under the doctrine of equivalents.

35.     As an example, claim 1 of the '140 patent recites a compound comprising: "[a] crystalline form of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyl] indazole, wherein said crystalline form has a powder X-ray diffraction pattern comprising a peak at diffraction angle (2θ) of 6.0±0.1 and further comprising at least one peak at diffraction angle (2θ) selected from 11.5±0.1, 21.0±0.1 and 26.9±0.1."

36.     Upon information and belief, MSN's ANDA Product contains "[a] crystalline form of 6-[2-(methylcarbamoyl)phenylsulfanyl]-3-E-[2-(pyridin-2-yl)ethenyl] indazole, wherein said crystalline form has a powder X-ray diffraction pattern comprising a peak at diffraction angle (2θ) of 6.0±0.1 and further comprising at least one peak at diffraction angle (2θ) selected from 11.5±0.1, 21.0±0.1 and 26.9±0.1."

37.     In MSN's ANDA letter, MSN did not contest the infringement of claims 1–6 of the '140 patent on any basis other than the alleged invalidity and unenforceability of those claims.

38.     Upon information and belief, MSN's ANDA Product infringes claims 1–6 of the '140 patent literally or under the doctrine of equivalents.

39. MSN's submission of ANDA No. 221598 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Product prior to the expiration of the '140 patent infringes the '140 patent under 35 U.S.C. § 271(e)(2)(A).

40. Upon information and belief, MSN will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Product immediately and imminently upon approval of ANDA No. 221598.

41. Upon information and belief, the manufacture, use, offer for sale, marketing, distribution, and/or importation of MSN's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '140 patent under 35 U.S.C. § 271.

42. Upon information and belief, MSN plans and intends to, and will, actively induce infringement of the '140 patent when ANDA No. 221598 is approved, and plans and intends to, and will, do so immediately and imminently upon approval. MSN's activities will be done with knowledge of the '140 patent and specific intent to infringe the '140 patent.

43. Upon FDA approval of ANDA No. 221598, MSN will intentionally encourage acts of direct infringement of one of more claims of the '140 patent by others, with knowledge that their acts are encouraging infringement.

44. Upon information and belief, MSN knows that MSN's ANDA Product is especially made or adapted for use in infringing the '140 patent, that MSN's ANDA Product is not a staple article or commodity of commerce, and that MSN's ANDA Product is not suitable for substantial noninfringing use. Upon information and belief, MSN plans and intends to, and will, contribute to infringement of the '140 patent immediately and imminently upon approval of MSN's ANDA.

45.    The foregoing actions by MSN constitute and/or will constitute infringement of the '140 patent, active inducement of infringement of the '140 patent, and/or contribution to the infringement by others of the '140 patent.

46.    Upon information and belief, MSN has acted with full knowledge of the '140 patent and without a reasonable basis for believing that MSN would not be liable for infringing the '140 patent, actively inducing infringement of the '140 patent, and/or contributing to the infringement by others of the '140 patent.

47.    Unless MSN is enjoined from infringing the '140 patent, actively inducing infringement of the '140 patent, and/or contributing to the infringement by others of the '140 patent, Pfizer will suffer irreparable injury. Pfizer has no adequate remedy at law.

48.    MSN's submission of ANDA No. 221598 with knowledge of the '140 patent and its infringement of that patent makes this case exceptional.

### COUNT II – DECLARATORY JUDGMENT
### OF INFRINGEMENT OF THE '140 PATENT

49.    Pfizer incorporates each of the preceding paragraphs as if fully set forth herein.

50.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and MSN on the other regarding MSN's infringement, active inducement of infringement, contribution to the infringement by others of the '140 patent, and/or the validity of the '140 patent.

51.    The Court should declare that the commercial manufacture, use, sale, offer for sale and/or importation of MSN's ANDA Product or any other MSN drug product that is covered by or whose use is covered by the '140 patent, will infringe, induce infringement of, and contribute to the infringement by others of the '140 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Pfizer requests the following relief:

(a)     A judgment that MSN has infringed the '140 patent;

(b)     A judgment ordering that the effective date of any FDA approval for MSN to make, use, offer for sale, sell, market, distribute, or import MSN's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '140 patent be not earlier than the expiration date of the '140 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining MSN, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing MSN's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '140 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '140 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing MSN's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the '140 patent prior to the expiration date of the '140 patent, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '140 patent;

11

(e)     A declaration that this is an exceptional case and an award of attorneys' fees

pursuant to 35 U.S.C. §§ 285;

(f)     An award of Pfizer's costs and expenses in this action; and

(g)     Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc. and
PF PRISM IMB B.V.*

OF COUNSEL:

Thomas H. L. Selby
Stanley E. Fisher
Michael Xun Liu
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC  20024
(202) 434-5000

July 16, 2026

12